NOT FOR PUBLICATION

---

**DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
APPELLATE DIVISION**

---

HAKIM BROOKS )
) D.C. Crim. App. No. 2002-194
    *Appellant*, )
) Super. Ct. Crim. No. F118/2002
v. )
)
GOVERNMENT OF THE VIRGIN ISLANDS )
)
    *Appellee*. )
)

On Appeal from the Superior Court of the Virgin Islands,
The Honorable Ive Arlington Swan, presiding

Considered: June 25, 2010
Filed: July 28, 2010

**BEFORE: CURTIS V. GÓMEZ**, Chief Judge of the District Court of the Virgin Islands; **RAYMOND FINCH**, Judge of the District Court of the Virgin Islands; and **PATRICIA D. STEELE**, Judge of the Superior Court of the Virgin Islands, Division of St. Croix, sitting by designation.

**ATTORNEYS:**

**Micol L. Morgan, Esq.**
St. Thomas, U.S.V.I.
    *For the Appellant,*

**Matthew C. Phelan, Esq.**
St. Thomas, U.S.V.I.
    *For the Appellee.*

---

**MEMORANDUM OPINION**

**PER CURIAM,**

Appellant Hakim Brooks ("Brooks") appeals his convictions in the Superior Court[1] for possession of a dangerous weapon during the commission of a crime of violence, simple assault, and robbery in the second degree. For the reasons stated below, the Court will reverse Brooks' convictions, and remand for a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 2002, the victim in this case, George Richardson ("Richardson"), was in his neighborhood of Savan, St. Thomas. While there, he sold a cell phone for $15 in cash.

After completing the sale, Richardson heard someone call to him from across the street. He crossed the street and saw a man who demanded the money from him. When he refused to hand over the money, the man grabbed him from behind in a neck hold.

While Richardson was struggling to free himself from the neck hold, he saw the face of his second assailant, Brooks. Richardson lived in the same neighborhood as Brooks. From that

---

[1] At all times relevant to this appeal, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, the Court employs the terms Superior Court and judge of the Superior Court.

association, Richardson knew Brooks by his nickname, "Midget."

Brooks hit Richardson on the head with a bottle. One of the men took the $15 out of Richardson's hand. Then the two assailants split up the money.

Appellee Government of the Virgin Islands (the "government") charged Brooks in an amended information with three counts. Count one charged use of a dangerous weapon during the commission of a crime of violence, in violation of V.I. CODE ANN. tit. 14, §§ 2251(a)(2)(A) and (B). Count two charged third degree assault with a deadly weapon, in violation of V.I. CODE ANN. tit. 14, §§ 297(a) and 11(a). Count three charged second degree robbery, in violation of V.I. CODE ANN. tit. 14, §§ 1863(1) and 11(a).

A jury found Brooks guilty of counts one and three. On count two, the jury found Brooks guilty of the lesser included offense of simple assault. The court sentenced Brooks to a total of 18 years, to run concurrently with a two year sentence he was already serving. Brooks timely appealed.

On appeal, Brooks raises the following issues: (1) whether the trial court erred in admitting hearsay in violation of the Confrontation Clause, (2) whether the trial court erred in admitting evidence of Brooks' family attempting to bribe the victim, and (3) whether Brooks was denied his right to counsel when sentencing counsel refused to make statements on Brooks'

behalf because of a perceived conflict of interest. Given the Court's disposition of the first issue, we decline to review the other issues at this time.

## II. JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to review criminal judgments and orders of the Superior Court in cases in which the defendant has been convicted, and has not entered a guilty plea. *See* V.I. CODE ANN. tit. 4, § 33 (2006); Revised Organic Act of 1984, 48 U.S.C. § 1613(a) (2006). We review the Superior Court's findings of fact for clear error and afford plenary review to its determinations of law. *Huggins v. Gov't of the V.I.*, 47 V.I. 619, 624 (D.V.I. App. Div. 2005).

This Court reviews *de novo* the trial court's admission of evidence that the defendant argues violated his Confrontation Clause rights. *See United States v. Hendricks*, 395 F.3d 173, 177 (3d Cir. 2005) ("The District Court's decision to exclude the evidence at issue turned on its application of the Sixth Amendment and its interpretation of the Supreme Court's decision in *Crawford* [*v. Washington*, 541 U.S. 36 (2004) and] . . . presents a question of law which we review *de novo*." (citing *United States v. Trala*, 386 F.3d 536, 543 (3d Cir. 2004); *United States v. Barbosa*, 271 F.3d 438, 452 (3d Cir. 2001)); *see also Garcia v. Gov't of the V.I.*, 48 V.I. 530, 534 (D.V.I. App. Div.

2006) ("We review *de novo* questions of law, issues implicating rights protected under the U.S. Constitution, and the interpretation of statute[s]." (citing *Gov't of the V.I. v. Albert*, 89 F. Supp. 2d 658, 663 (D.V.I. App. Div. 2001)).

### III. ANALYSIS

A. **Admission of hearsay evidence in violation of the Confrontation Clause**

Police Officer Leston Stoutt ("Stoutt") testified at Brooks' trial. Brooks argues that the trial court erred in allowing Stoutt to testify about a statement made to him in the course of his investigation by a witness.

At trial, Stoutt was asked about how he pursued the investigation:

> Q. Now, you said Mr. Richardson was complaining of pain to his head after being struck with a bottle?
>
> A. Yes, he stated he was selling a cell phone which was sold to a Hispanic male, and while he was in the area, he was approached by one suspect, I don't know his name right now, and while the guy had him in a neck hold, he told him to give up his money and everything he had on him, and he was kind of like struggling, and then afterward, the Midget just came over and struck him with a bottle over his head, took the $15.00 from him and left.
>
> . . .
>
> Q. Now, after Mr. Richardson gave you this statement as to what occurred, what if anything did you do after getting this statement?

> A. After Mr. Richardson spoke to me, we also spoke with a witness which was a Hispanic male.
>
> Q. Go ahead.
>
> A. And he confirmed that such an event took place.

(J.A. 158A-60A.)

The hispanic male witness who made the statement to Stoutt did not testify at trial, and Brooks had no other opportunity to cross examine him. Brooks now argues that the trial court erred in allowing into evidence Stoutt's testimony regarding the hispanic male's statement because it violated his Sixth Amendment right to cross examine a witness against him.[2]

A defendant's Sixth Amendment right to be confronted with the witnesses against him applies to evidence that is considered "testimonial." *Davis v. Washington*, 126 S. Ct. 2266, 2273-76 (2006). The Supreme Court has declined to provide a comprehensive definition of testimonial evidence. *Id.* at 2273 (citation omitted); *Crawford v. Washington*, 541 U.S. 36, 68 (2004) ("We leave for another day any effort to spell out a comprehensive definition of 'testimonial.'").

However, courts are not without guidance as to what makes evidence testimonial. The *Crawford* court explained that

---

[2] The Sixth Amendment provides, in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI.

"[w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and *to police interrogations*. These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed." *Crawford*, 541 U.S. at 68 (emphasis added).

That view has been reiterated by the United States Court of Appeals for the Third Circuit. In *United States v. Hinton*, 423 F.3d 355, 359 (3d Cir. 2005), a witness who had seen an assailant brandishing a gun called 911, and then joined responding police officers in their squad car as they looked for the assailant. *Id.* at 356. When the witness spotted the assailant he said, "'[t]here you go.'" *Id.* at 357. The assailant was apprehended, but the witness did not testify at his trial. At trial, the government sought to introduce the witness' 911 and in-pursuit statements through the testimony of the police officers, even though the government never asserted that the witness was unavailable to testify.

The Third Circuit found that since the witness had positively identified the assailant to police officers acting in their official capacity to investigate a crime, an objective witness would have believed that his identification in this context would be used a trial. *Id.* at 361.

Similarly, in this case, the hispanic male witness' statement to Stoutt was clearly testimonial because it was given to a police officer in the course of his investigation of a crime, and was not given while seeking aid in an exigent circumstance. *See id.* at 360-361; *see also Crawford*, 124 S. Ct. at 1364 ("Statements taken by police officers in the course of interrogations are also testimonial under even a narrow standard.").

As the government concedes, there was no showing that the hispanic male witness was unavailable, nor did Brooks have an opportunity to cross examine him. Nonetheless, the witness' statement was admitted into evidence through Stoutt's testimony. As such, there was a *Crawford* violation, and the admission of the statement was error. *See id.* at 361.

Brooks did not object to the testimony at trial. As such, we review for plain error. *See United States v. Rahamin*, 168 Fed. Appx. 512, 520 (3d Cir. 2006) (unpublished) ("Rahamin's Confrontation Clause claims will be reviewed for plain error since he failed to object to the admission of this evidence at trial."); *United States v. Adams*, 189 Fed. Appx. 120, 123 (3d Cir. 2006) (unpublished) (same).

For Brooks' appeal to succeed under this standard, he must establish that there was an error, the error was plain, and that

it affected his substantial rights. *United States v. Vosburgh*, 602 F.3d 512, at 531 n. 19 (3d Cir. 2010); *see also United States v. Olano*, 507 U.S. 725, 733-36 (1993). To show an effect on his substantial rights, Brooks must show that the error was prejudicial, that is, that it affected the outcome of the trial. *Vosburgh*, 602 F.3d at 531 n. 19; *Olano*, 507 U.S. at 733-36. If those requirements are met, this Court may, in its discretion, grant relief if the error affects the fairness, integrity, or public reputation of the proceedings. *Vosburgh*, 602 F.3d at 531 n. 19; *Olano*, 507 U.S. at 733-36.

As discussed, admission of the witness' statement through Stoutt's testimony was error. Moreover, because the witness did not testify and was not subject to cross examination, this was a clear and obvious violation of Brooks' right to confront the witnesses against him, and the error was plain. *See Johnson v. United States*, 520 U.S. 461, 467-68 (1997) (noting that error is "plain" when, at the time of appellate review, it is "obvious" or "clear" under current law, even if the law at the time of trial was settled to the contrary); *United States v. Tann*, 577 F.3d 533, 537 (3d Cir. 2009) ("An error is plain if it is 'clear' or 'obvious' under current law." (citing *Olano*, 507 U.S. at 734).[3]

---

[3] The Court notes that a judgment and commitment was entered in this case before *Crawford* was decided. However, even under the then-current Supreme Court precedent of *Ohio v. Roberts*, 448 U.S. 56, 65 (1908), the

With regard to an affect on Brooks' substantial rights, the witness' statement was important for the government's case. The government presented only one eye witness at the trial, the victim Richardson. As such, the jury's consideration of Richardson's credibility was crucial to the government carrying its burden of persuasion. The government was permitted to bolster Richardson's testimony when Stoutt told the jury that another eye witness, whose credibility the jury could not independently verify because he was not present, had confirmed Richardson's story. Such improper bolstering of the victim's testimony was likely to have had an effect on the outcome of the trial. *See United States v. Hensley*, No. 99-4615, 2000 U.S. App. LEXIS 5778, at *8-9 (4th Cir. Mar. 30, 2000) (Applying plain error review and finding "[b]ecause the statements were improperly admitted and resulted in Hensley's convictions . . . we find that the admission of the statements was not harmless error."). This Confrontation Clause violation seriously affected the fairness of the judicial proceedings. *See Ray v. Boatwright*, 592 F.3d 793, 798 (7th Cir. 2010) (finding plain error where police officer was allowed to read statements of non-testifying co-actors that implicated defendant into the record); *United*

---

introduction of a witness' statement via Stoutt's testimony violated Brooks' Confrontation Clause rights because the trial court did not analyze whether the witness was unavailable, nor whether the statement bore adequate indicia of reliability.

*Brooks v. Gov't of the Virgin Islands*
D.C. Crim. App. No. 2002-194
Memorandum Opinion
Page 11

States v. *Riggi*, 541 F.3d 94, 100-05 (2d Cir. 2008) (holding admission of plea allocutions that "bolstered the government's proof" was plain error). As such, we will, in our discretion, vacate Brooks' convictions and remand for a new trial.

## IV. CONCLUSION

For the reasons stated above, the Court will vacate Brooks' convictions and remand for a new trial. An appropriate order accompanies this opinion.